UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFONZO SANFORD, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   No. 3:04CV1544(DJS) |
| | : |
| ALCOHOL AND DRUG RECOVERY | : |
| CENTERS, INC., | : |
| | : |
|     Defendant. | : |

## MEMORANDUM OF DECISION AND ORDER

Plaintiff, Alfonzo Sanford, brings this action against defendant Alcohol and Drug Recovery Centers, Inc. ("ADRC") alleging that ADRC failed to accommodate his disability in violation of the Americans with Disabilities Act. Now pending before the court is ADRC's motion for enforcement of a settlement agreement (dkt. # 26). ADRC claims that it reached an agreement with Sanford to settle this matter, and that this agreement should be enforced by the court. For the reasons that follow, ADRC's motion (dkt. # 26) is **GRANTED**.

This court has the authority to summarily enter judgment according to the terms of a valid settlement agreement between the parties. "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986). "[O]nce a settlement is reached, the agreement may not be

repudiated by either party. Rather, such an agreement will be summarily enforced by the court." Millgard Corp. v. White Oak Corp., 224 F. Supp. 2d 425, 432 (D. Conn. 2002). "Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes." Brown v. Nationscredit Commercial, No. 3:99CV592(EBB), 2000 WL 888507, at *1 (D. Conn. Jun. 23, 2000).

Further, the court may summarily enforce an oral settlement agreement. Parties are bound to the terms of an oral contract settling a lawsuit even though the contract is not memorialized in writing and signed by the parties, see Millgard Corp., 224 F. Supp. 2d at 432, and even though the parties intend to execute a written agreement in the future, Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 574 (2d Cir. 1993) ("Simply because the parties contemplate memorializing their agreement in a formal document does not prevent their agreement from coming into effect before written documents are drawn up."). See Consarc Corp., 996 F.2d at 574 ("That is, if the parties have settled on the contract's substantial terms, a binding contract will have been created, even though they also intended to memorialize it in a writing."); cf. id. ("Yet, if the parties do not intend to enter a binding agreement without a writing, they will not be legally bound until that condition is met"). As such,

> [i]f the court can see from the writings or correspondence that the minds of the parties have met, that a proposal has been submitted by one party which has been accepted by the other, and that the terms of the contract have been in all respects definitely agreed upon, one of the parties cannot evade or escape from his obligation by refusing to sign the formal contract, which the parties understood was subsequently to be drawn and executed.

Consarc Corp., 996 F.2d at 575 (quoting United States v. P.J. Carlin Constr. Co., 224 F. 859, 862-63 (2d Cir. 1915)).

Here, there is no dispute that, on or about April 12, 2005, Sanford and ADRC agreed to the following: Sanford would stipulate to dismissal of this lawsuit and release ADRC from legal liability for claims related to or arising from those set forth in his complaint in exchange for ADRC's payment of $16,000 to him.  (See Dkt. # 26, Shea Aff., Ex. 1.)  These terms are clear, and performance is not conditioned upon some further action, such as execution of a written agreement.  In addition, the oral agreement does not omit any essential terms.

Sanford does not contest the fact that he assented to these conditions; rather, he claims that he rejected the documents ADRC forwarded to him purporting to memorialize this agreement because ADRC proposed terms he considered to be additional.  Indeed, the court held three telephone conferences in an effort to broker an agreement regarding the additional terms.  ADRC's efforts to memorialize the parties' agreement in writing and Sanford's rejection of ADRC's efforts, however, do not undo the making of

the original oral agreement between the parties to this lawsuit. As such, the court will summarily enforce the parties oral agreement by entering judgment according to the terms of the oral agreement.

The court will enter judgment according to the terms of the agreement.  Because the parties' agreement does not specify that the $16,000 ADRC is to pay to Sanford should be considered wages, ADRC shall not deem this payment as wages, and shall not withhold taxes.  ADRC should comply with any applicable obligation to report this transaction.

ADRC's motion to enforce (dkt. # 26) is **GRANTED**.  The Clerk of the Court shall enter judgment as follows:

    1.   This case is **DISMISSED with prejudice**.

    2.   ADRC shall tender the amount of $16,000 to plaintiff Alfonzo Sanford on or before July 30, 2006.

    3.   Plaintiff, Alfonzo Sanford, releases and holds harmless defendant Alcohol and Drug Recovery Centers, Inc. from liability for conduct arising from or related to the events described in the complaint and claims set forth in the complaint.

This court retains jurisdiction to enforce the judgment entered in this case.  The Clerk of the Court shall close this file.

So ordered this 30th day of June, 2006.

/s/DJS
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**